1  Marjorie E. Kratsas
   Nevada Bar No. 12934
2  WOOD, SMITH, HENNING & BERMAN LLP
   2881 Business Park Court, Suite 200
3  Las Vegas, Nevada 89128-9020
   Phone: 702.251.4100 ♦ Fax: 702.251.5405
4  mkratsas@wshblaw.com
   *Attorney for Warm Springs Road CVS, LLC d/b/a*
5  *CVS Pharmacy Store #10348*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JUDY MACLEOD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WARM SPRINGS ROAD CVS, LLC d/b/a CVS PHARMACY #10348; DOE EMPLOYEE; DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　　Defendant. | Case No. 2:25-cv-01635<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiff JUDY MACLEOD, ("Plaintiff"), by and through her undersigned counsel of record, and Defendant WARM SPRINGS ROAD CVS, LLC d/b/a CVS PHARMACY #10348 ("Defendant"), by and through their undersigned counsel of record, hereby jointly submit and stipulate to the following Stipulated Discovery Plan and Scheduling Order:

**1. Meeting.**

The parties participated in a Rule 26(f) and LR 26-1(a) conference on , , participated on behalf of Plaintiff. Marjorie E. Kratsas, Esq. participated on behalf of Defendant.

**2. Initial Disclosures.**

The parties have stipulated that they will make their Initial Disclosures on or before October 24, 2025.

/ / /

Case No. 2:25-cv-01635

**3. ESI Discovery and Disclosures.**

The parties will produce electronically stored information, if any, without alteration in the form currently stored, or in a PDF copy of the same. Production should be in native electronic format with email attachments produced as part of the email, so that they are together. Any further production protocols will be the subject of specific directions in written discovery requests under Fed. R. Civ. P. 34.

**4. Discovery Limits and Protections.**

The parties do anticipate the need for an order to issue for limitation or protection under Fed. R. Civ. P. 26(b) or 26(c). Should a matter arise during discovery that alters one or more parties' position, the parties agree to meet and confer in good faith in an attempt to stipulate to any appropriate limitation or protection.

**5. Scope of Discovery.**

The parties agree that the areas of discovery should include, but not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure. Based on the information known at this time, the parties intend to conduct discovery on at least the following subjects:

(1) The factual and legal basis for Plaintiff's premises liability claim;

(2) The factual and legal basis for Plaintiff's negligence claim;

(3) The factual and legal basis for Plaintiff's negligent hiring, training and supervision claim;

(4) The factual and legal basis for Plaintiff's vicarious liability claim;

(5) The extent, amount, and nature of Plaintiff's claimed damages;

(6) The factual and legal basis of Defendant's coverage position;

(7) Defendant's affirmative defenses, and;

(8) Investigation into Plaintiff's claims as to duty, breach, causation, and damage.

The parties reserve their respective rights to object to any discovery request at the time it is made and to seek a protective order. Generally, the parties intend to conduct written discovery, followed by percipient witness depositions, followed by expert depositions. However, the parties

1 do not want to limit themselves to that order and may serve follow-up written discovery any time before the discovery deadline or take depositions before written discovery is completed.

**6. Discovery Cut-off Date.**

Plaintiff served his Complaint on Defendant via their Registered Agent on August 12, 2025. On September 2, 2025, Defendant filed a Notice of Removal of this action to this Court. On September 9, 2025, Defendant filed in the DISTRICT COURT CLARK COUNTY, NEVADA, an Answer to the Complaint.

LR 26-1(b)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review." The parties agree there is a need for special review. The parties request that the discovery cut-off date be **July 10, 2026**, which is 304 days (i.e., roughly 9 months) from September 9, 2025.

The length of discovery is necessitated by (1) Plaintiff and pertinent witnesses reside out of the State of Nevada necessitating travel; (2) Plaintiff's treating providers reside outside the state of Nevada necessitating travel; (3) Plaintiff alleged that her wound is non-healing, still open, and that she is undergoing care; (4) expert discovery; (5) the parties also need to retrieve additional treatment records; (6) and to notice a Rule 35 Examination; and, (7) to afford the parties an opportunity to explore potential early resolution discussions via private mediation before expert disclosures are made and discovery cuts off.

**7. Amending the Pleadings and Adding Parties.**

The parties request that last day to file motions to amend pleadings or add parties be April 12, 2026, which is 90 days before the discovery cut-off.

**8. Expert Disclosures.**

The parties request that last day to disclose initial expert witnesses be April 12, 2026, which is 90 days before the discovery cut-off. Rebuttal expert witnesses shall be disclosed no later than May 11, 2026, which is 60 days before the discovery cut-off.

/ / /

/ / /

**9. Dispositive Motions.**

The parties request that the last day to file and serve dispositive motions be August 10, 2026, which is 30 days after the discovery cut-off.

**10. Joint Pretrial Order.**

In the event no dispositive motions are filed, the parties shall submit a proposed pre-trial order on or before September 9, 2026, which is 30 days after the dispositive motion deadline. In the event dispositive motions are filed, the proposed joint pre-trial order shall be submitted within 30 days after decision on the dispositive motions or as further ordered by the Court.

**11. Pretrial Disclosures.**

The parties shall make the pretrial disclosures required by FRCP 26(a)(3) at least 30 days before trial. Objections to pretrial disclosures must be made no later than 14 days thereafter.

**12. Authorization for Records Release.**

The parties agree to exchange signed authorizations for the release of records without the need for a formal discovery request. Should any party object to the scope or content of a proposed authorization, the parties shall meet and confer in good faith to resolve the dispute. If the parties are unable to reach resolution, the issue may be submitted to the assigned Magistrate Judge for determination.

**13. Alternative Dispute Resolution.**

The parties certify that they have conferred about the possibility of using alternative dispute-resolution including private mediation and will continue to discuss the possibility of using such forms of alternative dispute resolution.

**14. Alternative Forms of Case Disposition.**

The parties certify that they have considered consent to trial by magistrate judge under 28 USC §636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program but are not willing to stipulate to trial by magistrate judge or use of the Short Trial program at this time.

///

///

///

**15. Electronic Evidence.**

The parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for purposes of deliberations. The parties have not reached any stipulations in such regard at this time.

**16. Consent to Email Service.**

The parties have agreed that, to the extent not served through ECF (e.g., filings under seal, unfiled discovery, notices, and other communications), the parties will effectuate service via email in lieu of other service methods, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E) on all counsel who have entered an appearance of the party to be served. If transmission of voluminous materials as an email attachment is impractical, those materials shall be sent via a secured link.

DATED this 17th of October, 2025.   DATED this 17th of October, 2025.

**WOOD, SMITH, HENNING, & BERMAN LLP**   **CRAIG P. KENNY & ASSOCIATES**

 */s/ Marjorie E. Kratsas, Esq.*   */s/ Leon R. Symanski, Esq.*
Marjorie E. Kratsas   Leon R. Symanski, Esq. (NBN 8686)
2881 Business Park Court, Suite 200   501 S. Eighth Street
Las Vegas, Nevada 89128-9020   Las Vegas, Nevada 89101
mkratsas@wshblaw.com   *Attorney for Plaintiff*
*Attorney for Warm Springs Road CVS, LLC d/b/a CVS Pharmacy Store #10348*

IT IS SO **ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: October 20, 2025

**Nancy A. Amaya**

| | |
|---|---|
| **From:** | Cassandra Homme <chomme@cpklaw.com> |
| **Sent:** | Friday, October 17, 2025 11:02 AM |
| **To:** | Nancy A. Amaya |
| **Cc:** | Leon Symanski; Marjorie E. Kratsas |
| **Subject:** | [EXTERNAL] RE: 12713.0008 Macleod v. Warm Springs Road CVS - Discovery Plan |

Hi Nancy,

You have Leon's permission to affix his e-signature to the Discovery Plan.

Thank you.

Cassandra Homme
Litigation Paralegal
Craig P. Kenny & Associates
A Law Firm Committed to the Client
501 S. 8th Street
Las Vegas, NV  89101
Phone: 702-380-2800
Direct: 702-405-3475

1

Email: chomme@cpklaw.com
WWW.CPKLAW.COM

IMPORTANT: This transmission may be: (1) subject to the Attorney/Client Privilege, (2) an attorney work product, and/or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this email is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transmissions.

**From:** Nancy A. Amaya <NAmaya@wshblaw.com>
**Sent:** Friday, October 17, 2025 9:31 AM
**To:** Cassandra Homme <chomme@cpklaw.com>
**Cc:** Leon Symanski <lsymanski@cpklaw.com>; Marjorie E. Kratsas <MKratsas@wshblaw.com>
**Subject:** RE: 12713.0008 Macleod v. Warm Springs Road CVS - Discovery Plan
**Importance:** High

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2025, a true and correct copy of **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

Leon R. Symanski, Esq. (NBN 8686)
**CRAIG P. KENNY & ASSOCIATES**
501 S. Eighth Street
Las Vegas, Nevada 89101
P: (702) 380-2800
lsymanski@cpklaw.com
*Attorney for Plaintiff*

By  */s/ Nancy Amaya*
Nancy A. Amaya, an Employee of
WOOD, SMITH, HENNING & BERMAN LLP